# Exhibit 6



**AMERICAN CIVIL LIBERTIES UNION**
**FOUNDATION**

Delaware

100 W. 10th Street, Suite 706
Wilmington, DE, 19801
302-654-5326
www.aclu-de.org

Ariel Gruswitz
President

Mike Brickner
**Executive Director**

Dwayne J. Bensing
**Legal Director**

Governor John Carney          Commissioner Anthony Albence       Commissioner Terra Taylor
150 MLK Jr., Blvd South        905 S. Governors Ave., Suite 170    245 McKee Road
Dover, DE 19901                Dover, DE 19904                     Dover, DE 19904

<u>**Sent via email**</u>

October 4, 2023

Re:  <u>**Eligible Voters Incarcerated in Delaware Facilities**</u>

Dear Governor and Commissioners,

By way of brief introduction, my name is Andrew Bernstein and I am the Cozen Voting Rights Fellow at the ACLU of Delaware. The primary focus of my fellowship is securing the voting rights of people involved in the criminal legal system.

Following the 2022 elections, in December of last year, the Supreme Court issued its decision in *Albence v. Higgin*, 295 A.3d 1065 (Del. 2022), which held that the Delaware Constitution's enumerated exceptions for absentee voting—which do not expressly include "incarceration"—are exhaustive. The *Higgin* decision leaves eligible incarcerated voters *totally* disenfranchised—unable to vote in-person in jail, and without sufficient constitutional guarantee that they can vote absentee.

As you are aware, the ACLU-DE contacted your agencies last year warning that incarcerated eligible voters had no mechanism to vote. The Departments of Correction and Elections, with only an order in the *Higgin* case to guide them, decided that the order did not impact the eligibility of incarcerated voters to vote via mail-in absentee ballot, and the Attorney

General provided assurance that her office would not prosecute any eligible incarcerated voter who attempted to vote in the 2022 election via absentee ballot.

In light of the *Higgin* decision, however, eligible incarcerated voters no longer have sufficient assurance that they are legally eligible to vote via absentee ballot under the Delaware Constitution. As such, Delaware must provide a constitutionally guaranteed mechanism for eligible incarcerated voters to vote in the upcoming 2024 elections. We wish to discuss with your offices their plans and obtain assurances that the Departments will provide such a mechanism, as is successfully implemented in other jurisdictions across the country. And we would gladly invite expert partners from jurisdictions with these mechanisms to these discussions if your offices so desire. In the alternative, we are prepared to seek injunctive relief in federal court to assure access for these eligible voters to vote in the 2024 elections.

The ACLU of Delaware requests that you meet with us by October 24, 2023, to discuss. Failure to provide necessary assurances will be considered an indication that the State does not intend to provide a path for these citizens to vote in the 2024 elections, in contravention of federal law.

We look forward to your response.

/s/ Andrew Bernstein
Andrew Bernstein*
Cozen Voting Rights Fellow at the ACLU of Delaware
abernstein@aclu-de.org
*Not yet admitted to practice law in Delaware

cc:       Kathleen Jennings, Stacey Bonvetti, Frank Broujos, Alexander Mackler, Jon Sheehan, Dwayne Bensing, Jonathan Topaz, Casey Smith, Karen Keller, Emily DiBenedetto, Nate Hoeschen